United States District Court
Southern District of Texas
**ENTERED**
June 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EVGENII BONDARENKO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-163 |
| | § | |
| MARKWAYNE MULLIN, | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

Petitioner Evgenii Bondarenko is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas.  In this habeas action, in which he proceeds *pro se*, he seeks his immediate release from custody or "alternatively . . . to release [him] base[d] on bond hearing[.]" (Pet., Doc. 1, 7)

Respondents move for summary judgment, asserting that Petitioner's continued detention does not violate his statutory or constitutional rights. (MSJ, Doc. 12)  Petitioner filed a response. (Response Doc. 15)

Based on the record and the applicable law, the Court concludes that Petitioner is not entitled to the relief he seeks.

In 2022, Petitioner presented himself at a port of entry, where he sought asylum and was paroled into the United States pending removal hearings. (Encounter Report, Doc. 12–1; Pet., Doc. 1, 6)  His parole expired in September 2023. (Notice to Appear, Doc. 12–2)  In December 2025, Respondents detained Petitioner, issued him a Notice to Appear, and ultimately obtained an order of removal from an Immigration Judge. (Order, Doc. 12–4)  The order of removal is not yet final.

Respondents detained Petitioner under 8 U.S.C. § 1225(b)(2) as an "applicant for admission."  Petitioner presents no argument defeating Respondents' authority to detain him

under that provision, and the Fifth Circuit has concluded that Respondents' application of Section 1225(b)(2) is statutorily sound. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–03 (5th Cir. 2026).  To the extent that Petitioner challenges his detention or Respondents' application of Section 1225(b)(2) on constitutional grounds, he fails to rebut the arguments in Respondents summary judgment motion as to such claims.

Petitioner's initial release on parole does not change the analysis.  "An alien who is placed on parole after physically entering the United States is treated in the same manner as any other applicant for admission to the United States." *Delgado-Carrera v. U.S. I.N.S.*, 773 F.2d 629, 632 (5th Cir. 1985) (cleaned up).  As an applicant for admission, Petitioner is not entitled to a bond hearing under 8 U.S.C. § 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 502–03.

Accordingly, it is:

**ORDERED** that Respondents' Motion for Summary Judgment (Doc. 12) is **GRANTED**; and

**ORDERED** that Petitioner Evgenii Bondarenko's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on June 9, 2026.

Fernando Rodriguez, Jr.
United States District Judge